**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| **IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** _____ **THIS DOCUMENT RELATES TO THE FOLLOWING CASE:** *Lauri Bell. v. Ethicon, Inc. et al.* No. 2:13-CV-05389 | Master File No. 2:12-MD-02327 MDL No. 2327 **JOSEPH R. GOODWIN U.S. DISTRICT JUDGE** |

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO ETHICON, INC. AND JOHNSON & JOHNSON'S MOTION FOR PARTIAL SUMMARY JUDGEMENT**

COME NOW Plaintiffs Lauri Bell and Terrill Bell ("Plaintiffs") respectfully submitting their Response in Opposition to Defendants' Motion for Partial Summary Judgment. Plaintiffs respectfully urge the Court to deny the motion and in support thereof show as follows:

**A. SUMMARY OF THE RESPONSE**

The Court should deny Defendants' motion for partial summary judgment because failed to conclusively prove they are entitled judgment as a matter of law. The sole evidence upon which Defendants relied upon in support of their summary judgment (namely bias testimony) is wholly unreliable and insufficient to support a judgment as a matter of law. Accordingly, Defendants failed to meet their summary judgment burden of proof. Material issues of genuine fact still exists.

1

Defendants do not seek summary judgment as to all of Plaintiffs' claims. Instead, they seek a partial summary judgment as to Plaintiffs' claims for: strict liability - manufacturing defect (Count II); strict liability - failure to warn (Count III); strict liability – defective product (Count IV); fraudulent concealment (Count VII); constructive fraud (Count VIII); negligent infliction of emotional distress (Count X); breach of express and implied warranty (Counts XI and XII); and unjust enrichment (Count XV).

## B. STATEMENT OF UNDISPUTED FACTS

It is undisputed that Plaintiff is a Texas resident who was implanted with Defendants' Prolift+M and TVT-O products in Houston, Texas. Accordingly, Plaintiffs accept these facts as stated in the defense motion. However, additional facts are relevant to the court's inquiry here, which facts were left out of Defendants' motion. Of particular significance is Defendants' longstanding and well-known financial relationship with Dr. Pramudji (Plaintiffs' implanting physician), which significantly impacts the reliability and credibility of Dr. Pramudji's testimony upon which Defendants' singularly rely in their motion. This Court is aware of Dr. Pramudji as she has testified in trial on behalf of Defendants and served as Defendants' paid expert in many more mesh wave cases.

The relevant undisputed facts concerning Dr. Pramudji are these:

1. She has a relationship with Defendants (*See* **Exhibit A**: P75/L8-11);[1]

2. She is currently an expert witness in the Ethicon litigation (*Id* at P75/L12-16);

3. She has been a paid preceptor for the different mesh products of Defendants since around 2004 (*Id* at P75/L20-24 and P76/L17-P77/15);

---

[1] Plaintiffs attach as **Exhibit A** relevant portions of Dr. Pramudji's deposition testimony in this case as if fully set forth herein.

4. She has facilitated discussions at gatherings Defendants would have for doctors and gave a speech at convention about Defendants' products (*Id* at P76/L5-14);

5. She has been doing work for Defendants since around 2004 or 2005 (*Id* at P77/L11-15);

6. She has promoted and sponsored Defendants' products to other doctors for money (*Id* at P77/L21-P78/L16);

7. She gave expert opinions on Defendants' behalf as recent as one month prior to testifying in this case (*Id* at P79/L5-8);

8. She has given deposition testimony on Defendants' behalf so many times that she has lost track of the number (*Id* at P80/L16-P81/L12);

9. She written 70-80 expert reports on behalf of Defendants (*Id* at P82/L13-P83/L1) and she gets paid by Defendants $600 per hour to do so (*Id* at P84/L6-9);

10. She got paid by Defendants to testify in this case at her deposition at the rate of $700 per hour (*Id* at P83/L13-P84/1);

11. She is fully aware that her testimony could hurt Plaintiffs' claims if the jury chooses to believe it (*Id* at P86/L8-16);

12. She testified in this case, in part, for the money (*Id* at P87/L14-20);

13. She did not even review the Plaintiffs' medical records to testify in this case and she did not ask to even see them (*Id* at P90/L6-19);

14. In every case in which she has been involved as either a fact witness or expert witness she has testified Defendants' products were good and not responsible for the patient's injuries (*Id* at P98/L18-P99/1);

15. She **has** read the IFUs for the products implanted in Plaintiff (*Id* at P109/L18-20) and she is familiar with them (*Id* at P113/L18-P114/L6);

16. She is familiar with the patient brochure for the products implanted in Plaintiff to testify they identify risks (*Id* at P113/L5-17);

17. Dr. Pramudji removed exposed mesh from Plaintiff and she removed scar tissue that required removing an additional portion of the mesh amounting to 50% of it (*Id* at P119/L15-20; P127/L5-128/L14);

    **18.** She opined that she did not know Plaintiff had undergone multiple other surgeries to remove eroded mesh from various parts of Plaintiffs' body and to attempt reconstruction. Yet, she also opined such surgeries were unnecessary. She gave these opinions despite not having seen Plaintiff in several years and not having seen any records of Plaintiff's medical conditions at the time of the surgeries (*Id* at P139/L16-20; P141/L7-9; P71/3-22).

### C. RESPONSE TO ARGUMENT

**I.**  **Response to the Section on Choice of Law**

Plaintiffs respond only to note that this court has clearly outlined the choice of law and Plaintiffs accept this Court's previous finds regarding the same.

**II.**  **Failure to Warn – There is a genuine issue of material fact as to causation**

Plaintiffs rely upon and assert the foregoing undisputed evidence as if fully set forth here.

The very issue of whether a warning is adequate is generally considered a question of fact precluding summary judgment. *Centocor, Inc. v. Hamilton*, 372 S.W.3d 140, 170 (Tex. 2012). Defendants do not argue the adequacy of the warning in their motion. However, to the extent Defendants' motion did rest upon any argument that the product warnings at issue were adequate, the motion should be denied. *See id*. The record in this MDL sufficiently establishes that the product warnings at issue were inadequate. At the very least, a fact issue exists.

Defendants' only argument concerning failure to warn is that there is no causation because Plaintiffs' implanting physician, Dr. Pramudji allegedly did not rely on the inadequate product warnings. Defendants specifically claim that Plaintiffs have "no evidence" that Dr. Pramudji relied on the warnings in the IFUs. Plaintiffs disagree. Moreover, Plaintiffs' object to and vehemently challenge Defendants' sole summary judgment evidence because such is wholly unreliable.

4

As established above, Dr. Pramudji has read the IFUs for the products implanted in Plaintiff and she has read the patient brochures both reflecting the risks involved with the products. She testified that it was her practice to disclose these risks to her patients and that she did with Plaintiff in her informed consent discussion. *See* **EX A** at P104/L23-P105/6.  It is undisputed that she has been implanting the product for years as a practicing physician and a paid consultant for Defendants and is familiar with the warnings of the products. She teaches other doctors about the products, presumably about the risks as stated in the Defendants' material. She does not believe the products have risks that are not disclosed in the warnings. To suggest that none of this material and information was relied upon or factored into her treatment decisions concerning Plaintiff in this case is wholly unreasonable and flies in the face of common sense. The only rationale explanation for her statement about reliance is her bias in favor of Defendants.

In is irrefutable that Dr. Pramudji has a deep financial relationship with Defendants. She has been paid a significant amount of money to testify and offer opinions in favor of Defendants. It is undisputed that Dr. Pramudji has been a paid expert for Defendants for many years and, even before that, a paid consultant who promoted Defendants' products (including those implanted in Plaintiff) for money. In her work as an expert for Defendants, Dr. Pramudji has consistently concluded that Defendants never do anything wrong and she testifies in ways that help Defendants defend these cases. Nothing is different here - except for the fact that she is now testifying against one of her own patients. Despite her responsibility and duty to her patient, Dr. Pramudji remains consistent in her resolve to defend Defendants no matter.

It is impossible to set aside Dr. Pramudji's longstanding financial relationship with Defendants when weighing the credibility of the single comment Defendants cite in support of

5

their motion here. *See* **Exhibit A** generally. The totality of Dr. Pramudji's testimony, which conclusively establishes her relationship with Defendants, must be considered and, when doing so, it becomes clear that Defendants' summary judgment evidence is unreliable. For this reason, Defendants' motion as to failure to warn should be denied.

### III.    Manufacturing Defect

Plaintiffs are not making a claim for manufacturing defect.

### IV.    Constructive Fraud

Plaintiffs are not making a claim for constructive fraud.

### V.    Claims Not Cognizable Under Texas Law

#### A. *Strict Liability - Defective Product (Count IV)*

This Court has previously found that certain claims are not recognized by Texas law, including strict liability – defective product (Count IV). *See e.g. Wolfe v. Ethicon, Inc.*, 2:12-CV-01286, Doc. 125 (January 20, 2017). Plaintiffs accept these findings.

Plaintiffs clarify that claims for strict liability are well-recognized theories of recovery and they are alleged in this case. Plaintiffs rely on these theories as more fully elucidated in their complaint, which focuses on a design defect and failure to warn, both of which render the TV Obturator and Prolift+M devices defective.

#### B. *Fraudulent Concealment (Count VII)*

This Court has previously found that certain claims are not recognized by Texas law, including fraudulent concealment *as an independent claim* untethered to Plaintiffs' common law fraud claims (Count VII). *See e.g. Wolfe v. Ethicon, Inc.*, 2:12-CV-01286, Doc. 125 (January 20, 2017). Plaintiffs accept these findings.

### C. *Negligent Infliction of Emotional Distress (Count X)*

While it is true that Texas does not recognize a separate cause of action for negligent infliction of emotional distress when there is no accompanying physical injury, the opposite is not true: "[W]hen the Defendant's negligence causes a mental shock which produces a serious bodily injury, the Defendant is liable for that injury provided it was foreseeable, . . . and mental anguish is one element of damages just as it would be for any other serious injury." *City of Tyler v. Likes*, 962 S.W.2d 489, 495-96 (Tex. 1997). Plaintiffs' entitlement to damages for mental anguish that resulted from Defendants' negligent behavior should be maintained, whether it is characterized as a cause of action or an element of damages.

### D. *Unjust Enrichment (Count XV)*

Plaintiffs are not making an independent claim for unjust enrichment.

## VI. Breach of Warranty – Express (Count XI) and Implied (Count XII)

Plaintiffs are not making claims for breach of warranty (express or implied).

## D. CONCLUSION AND PRAYER

For all of the reasons stated herein, Plaintiffs respectfully requests that the Court enter an order denying Defendants' Motion for Partial Summary Judgment. Plaintiffs also request all other and further relief as the Court deems just and proper.

Dated: May 29, 2019

    /s/ Erin K. Copeland
Erin K. Copeland
**Fibich Leebron Copeland & Briggs**
1150 Bissonnet
Houston, TX 77005
Phone: 713-751-0025
Fax: 713-751-0030
ecopeland@fibichlaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL .

<div style="margin-left: 40%;">

/s/ Erin K. Copeland
Erin K. Copeland

</div>